UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL SALDANA, | No. 2:18-cv-0319 AC P |
| Plaintiff, | |
| v. | ORDER |
| M.E. SPEARMAN, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 38. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to

1

most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests counsel on the grounds that his incarceration will greatly limit his ability to litigate. ECF No. 38. Specifically, he asserts that an attorney would be better able to negotiate a settlement and present evidence and cross-examine witnesses at trial. Id. He also argues that he requires an attorney to obtain medical experts, depose defendant and other witnesses, and to obtain defendant's file. Id. These circumstances are common to most prisoners and are therefore not exceptional. Furthermore, it has not yet been determined that this case will proceed to trial, so any requests for counsel based on the need for representation at trial are premature, and plaintiff has not demonstrated that he will be unable to obtain the evidence he requires through written discovery requests. To the extent plaintiff claims that he requires medical experts, this case involves an alleged excessive use of force, not deficient medical treatment.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel, ECF No. 38, is denied.

DATED: April 8, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE