1
2
3
4
5
6

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL SALDANA, | No. 2:18-cv-0319 AC P |
| Plaintiff, | |
| v. | ORDER |
| M.E. SPEARMAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before this court is plaintiff's most recent request for a second settlement conference and motion to appoint counsel. ECF No. 50.

The parties initially participated in a settlement conference before Judge Newman on October 16, 2019, as part of the Post-Screening ADR Project. ECF No. 27. The case did not settle at that time. Id. Plaintiff then moved for a second settlement conference, ECF No. 34, but the motion was denied after defense counsel advised that he did not believe a settlement conference would be beneficial at that time and that he would want to take plaintiff's deposition before participating in any additional settlement conferences, ECF Nos. 40, 41. Plaintiff has now filed another motion for a second settlement conference on the ground that his deposition has been taken. ECF No. 50.

Settlement conferences are scheduled at the discretion of the court, either sua sponte or upon joint request of the parties. Defendant's position on the present usefulness of a settlement

conference is unknown. Accordingly, defendant shall be required to notify the court whether he believes a settlement conference would be beneficial at this time.

Plaintiff also requests the appointment of counsel on the ground that the prison is on lockdown due to COVID-19 and he therefore has no access to the law library. ECF No. 50. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

The circumstances identified by plaintiff are currently being experienced by prisoners throughout the California Department of Corrections and Rehabilitation and therefore do not establish the necessary exceptional circumstances. The motion for counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days of the service of this order, defendant shall notify the court whether he believes a settlement conference would be beneficial at this time.

2. Plaintiff's motion for appointment of counsel, ECF No. 50, is DENIED.

DATED: December 16, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2