UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL SALDANA,<br><br>    Plaintiff,<br><br>v.<br><br>M.E. SPEARMAN, et al.,<br><br>    Defendants. | No. 2:18-cv-0319 KJM AC P<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a motion for a preliminary injunction. ECF No. 81. Plaintiff alleges that on April 4, 2022, he was subject to an excessive use of force that he is in the process of grieving. Id. at 2, 18-19. He asserts that as a result of his grievance, the prison administration is trying to transfer him to interfere with his ability to pursue a lawsuit related to the use of force. Id. When plaintiff told officials that he had a settlement conference in this case scheduled for May 18, 2022, he was told that they would wait to transfer him until after the settlement conference. Id. at 2, 18. Plaintiff requests an order directing that he be left alone and not transferred for one year. Id. at 3, 19.

    "A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is

in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted).  If the moving party cannot show a likelihood of success on the merits, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

In order to prevail on a motion for preliminary injunctive relief, the Ninth Circuit has also held

> that there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint.  This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself.  The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant "relief of the same character as that which may be granted finally." De Beers Consol. Mines[ v. United States], 325 U.S. [212,] 220, 65 S. Ct. 1130 [(1945)].  Absent that relationship or nexus, the district court lacks authority to grant the relief requested.

Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015).  A district court also has no authority to grant relief in the form of a preliminary injunction where it has no jurisdiction over the parties. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication." (alteration in original) (citation and internal quotation omitted)).

It does not appear that plaintiff's impending transfer will have any effect on his ability to participate in the settlement conference scheduled in this case, and his allegations regarding the motivations for his transfer and its effect on his ability to pursue a separate lawsuit have no relationship to the claims at issue in this action.  Furthermore, plaintiff seeks relief based on the conduct of non-defendant prison officials, whose future conduct he seeks to enjoin; the court does not have jurisdiction over those individuals unless plaintiff provides facts showing that they are acting "in active concert or participation" with the defendant.  Fed. R. Civ. P. 65(d)(2); Zenith Radio Corp. v. Hazeltine Rsch., Inc., 395 U.S. 100, 112 (1969) ("[A] nonparty with notice cannot

be held in contempt until shown to be in concert or participation.")).  Plaintiff has failed to provide any such facts.  Because the claims in the motion for injunction are unrelated to the claims underlying this case and the court lacks jurisdiction over the individuals against whom plaintiff seeks injunctive relief, the motion should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 81) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 6, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE